FILED

2016 Oct-28  PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ALFRED DAVIS., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:16-cv-01428-JHE |
| | ) | |
| ADDICTION & MENTAL HEALTH | ) | |
| SERVICES, INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Alfred Davis ("Davis"), and Defendant Addiction & Mental Health Services, Inc. ("Defendant") jointly move for approval of their settlement agreement.  (Doc. 10).  The parties seek approval of the terms of their settlement agreement on Davis's claim for unpaid overtime pay as well as approval of separately negotiated attorney's fees and costs to be paid to Davis's counsel under the settlement.  (*Id.* at ¶ 3).  For the reasons set forth below, the Court approves the parties' settlement.

### I. Background Facts

Davis filed this action on August 29, 2016.  (Doc. 1).  He alleges a claim for overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*  On September 22, 2016,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 11).

Defendants answered the complaint, denying any noncompliance with the FLSA and asserting various affirmative defenses. (Doc. 7). Thereafter, in an effort to avoid expenses associated with litigation of this action, the parties reached a settlement the terms of which are contained in the Joint Motion for Approval of Settlement and Dismissal with Prejudice ("the Agreement"). (Doc. 10, 10-1). The undersigned has reviewed the Agreement.

Under the Agreement, Defendants have agreed to pay Davis a specified amount to settle his claim for unpaid overtime, along with an equal amount in liquidated damages, and attorney's fees and costs to Davis's counsel. The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute regarding whether Davis is entitled to any further compensation. (*See* Doc. 10, ¶¶ 2, 3, 5).

## II. Analysis

Subject to specific exceptions, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action. *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "to

2

promote the policy of encouraging settlement of litigation." *Id.* at 1354. In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Keeping in mind the primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute, the court considers the proposed settlement in context. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008). Here, all parties were represented by counsel, so there is no indication of fraud, collusion, or unfair advantage. And the fact that the parties continue to disagree over the merits of Davis's claim, evinces a *bona fide* dispute. Indeed, the Agreement provides the Defendant "specifically disclaims and denies Davis's allegations and any liability to Davis relating to his employment." (Doc. 10-1 at 2). Even in settlement, therefore, Defendant does not admit its liability on Plaintiff's claim. (*Id; see also* doc. 10-1, ¶ 3).

Having concluded a *bona fide* dispute exists, and in the absence of any indication settlement was blighted by unfair advantage, the court turns to the question of whether the proposed settlement is reasonable and fair. Here, the parties have stipulated the Agreement provides Davis with the "full amount of backpay sought in the Litigation, along with an equal amount in liquidated damages." (Doc. 10-1. ¶ 2). The Agreement further provides "liquidated damages and attorneys' fees were negotiated at arms' length and did not diminish the sums paid to him." (*Id.*). "In *Silva v. Miller*, 307 F. App'x 349 (11th Cir.2009), the Eleventh Circuit observed

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

that the FLSA 'contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Klatt v. All–Brand Food Distribution, Inc.,* 2010 WL 746492, *2 (M.D. Fla. 2010) (internal citations omitted).  Thus, on the assessment of fairness, the proposed settlement provides Davis with all forms of relief authorized by the statute (including liquidated damages) and it does not penalize him in his recovery by shifting legal fees to him from the Defendant.  *See Briggins v. Elwood TRI, Inc*., 3 F.Supp.3d 1277, 1287 (N.D. Ala. 2014).  Accordingly, the court finds the settlement reasonable and fair.

Additionally, both parties acknowledge the settlement is to avoid further legal expense and uncertainty.  (Doc. 10-1 at 2).  The outcome of contested litigation is uncertain and if this matter were to be litigated to an award by jury, all parties would be required to engage in costly litigation.  Because the settlement was reached in an adversarial context in which Davis was represented by competent and experienced counsel, the court finds this settlement is fair, reasonable, and an effective means for all parties to minimize future risks and litigation costs.

The undersigned has also reviewed the proposed, separately negotiated payment of attorney's fees and costs and agrees it should be approved because it is reasonable.  *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").  The agreement expressly provides attorneys' fees "were negotiated at arm's length" and did not diminish sums paid to Davis.  (Doc. 10-1, ¶ 2).  Settlement of Davis's claim for the full amount of backpay he sought, lends further credence to this stipulation.  As such, the proposed settlement agreement provides for the payment of the plaintiff employees' attorneys' fees and litigation expenses

separately from the payments they receive. "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc*., 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Because both parties represent the attorney's fee was separately negotiated, the court concludes Plaintiff's recovery was not affected by the amount of the attorneys' fee.  The court has considered the amount of the fee and finds it to be reasonable.

### III. Conclusion

Having reviewed the guidelines set forth by the Eleventh Circuit for approval of an FLSA settlement, and scrutinizing the settlement, the court finds that: the Settlement Agreement is fair; it reflects reasonable compromises of issues actually in dispute; the settlement was reached in an adversarial context in which the Plaintiff was represented by competent and experienced counsel; and the totality of the proposed settlement is fair and reasonable, all as required by *Lynn's Food*. 679 F.2d at 1354.  The court has also considered the amount of the separately negotiated attorneys' fee and finds it to be reasonable.  Accordingly, the settlement of the FLSA claims is **APPROVED**.

DONE this 28th day of October, 2016.

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDG

5